# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **HAROLD E. STRICKLAND,** ) | |
| Plaintiff ) | Civil Action No.: 7:12cv00559 |
| ) | |
| v. ) | |
| ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| **MIKE MONDULE, et al.,** ) | By: Pamela Meade Sargent |
| Defendants. ) | United States Magistrate Judge |

This case is before the court on the defendant City of Danville's Motion To Dismiss For Failure To State A Claim, (Docket Item No. 33), ("Motion to Dismiss"), the City of Danville's Amended Motion To Dismiss For Failure To State A Claim, (Docket Item No. 63), ("Amended Motion"), Strickland's Motion To Compel Limited Discovery, (Docket Item No. 67), ("Motion to Compel"), and Strickland's Motion For Leave To Amend, (Docket Item No. 72), ("Motion to Amend"), (collectively "the Motions"). The Motions are before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

## I.    *Facts & Procedural History*

The pro se plaintiff, Harold E. Strickland, is an inmate formerly housed at the Danville City Jail, ("Jail").[1] In his Complaint, Strickland raised claims pursuant to 42 U.S.C. § 1983 against the City of Danville, ("City"), Sheriff Mike Mondule and multiple sergeants, alleging that, while he was in segregation for a six-month

---

[1] Strickland is currently housed at Augusta Correctional Center in Craigsville, Virginia.

period at the Jail, he was denied out-of-cell exercise with the exception of two occasions, despite Jail employees being informed that he suffered from Crohn's disease and that he had been ordered by a physician to exercise. (Docket Item No. 1). Strickland argues that this denial of out-of-cell exercise exacerbated his serious medical condition and contributed to a deterioration in his health. He alleges that the defendants' actions constituted a violation of his Eighth Amendment rights. After this court allowed Strickland to amend the Complaint to add, among other things, a claim for municipal liability against the City and a Fourteenth Amendment claim based on Strickland's status as a pretrial detainee, (Docket Item No. 52), the defendants filed the Amended Motion. (Docket Item No. 63).

By order dated May 6, 2013, the court stayed discovery as against the City, pending resolution of the Motion to Dismiss as against the original Complaint and any additional timely filed motion to dismiss pursuant to Rule 12(b)(6). (Docket Item No. 56). Thereafter, on May 17, 2013, Strickland filed the Motion to Compel based on alleged inadequate responses to his First Request for Production of Documents of Electronically Stored Information and his Request for Admissions from Defendant Richard Callahan. (Docket Item No. 67). However, in the accompanying brief, Strickland withdrew the requests that were related to the City pursuant to this court's order staying discovery pending resolution of any motions to dismiss. On May 20, 2013, this court further ordered *all* discovery stayed pending further court order. (Docket Item No. 69).

On June 4, 2013, Strickland filed the Motion to Amend, seeking to add Chief Deputy Salmon as a defendant and to add state tort claims for ordinary and gross negligence against Sheriff Mondule and Chief Deputy Salmon in their individual and official capacities for failing to provide adequate policies and/or ensuring out-

of-cell exercise for the times relevant to this action. (Docket Item No. 72). The parties have not requested a hearing on the Motions. That being the case, the Motions are ripe for decision.

## II.   Analysis

Strickland acknowledges that there is no written policy included in the Inmate Rules and Regulations that guarantees inmates in segregation/isolation out-of-cell exercise. However, he argues that Sheriff Mondule, the ultimate policymaker of the Jail, tacitly authorized a custom of providing no out-of-cell exercise to inmates in segregation/isolation. He also alleges that Sheriff Mondule knowingly operated the Jail without adequate manpower to provide for out-of-cell exercise described in the Inmate Rules and Regulations. Strickland contends that because Sheriff Mondule is an official of the City and a municipal policymaker with the authority to make final policy for the City concerning the subject of this litigation, the City itself may be held liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Federal Rules of Civil Procedure Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atl. Corp. v. Twombly*, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, the Court established a "plausibility

standard" in which the pleadings must allege enough to make it clear that relief is not merely conceivable but plausible. *See Twombly*, 550 U.S. at 555-63. A plaintiff must plead a case that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 570). Thus, for the purpose of ruling on the Motion to Dismiss and the Amended Motion, this court will assume that all well-pleaded factual allegations contained in the plaintiff's Amended Complaint are true.

Under *Monell*, in order to hold the City liable, Strickland must show that the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers. Therefore, in order for the City to be held liable under *Monell*, the City must have the authority to set final policy for the Jail. Whether a particular official has final policymaking authority is a question of state law. *See Dotson v. Chester*, 937 F.2d 920, 924 (4th Cir. 1991). Pursuant to Virginia Code Annotated § 15.2-1609, it is the Sheriff who is "charged with the custody, feeding and care of all prisoners confined in the county or city jail." As the City stated in its brief, it has neither the authority nor the ability to be the final policymaker over the bailiwick of the Sheriff.

Moreover, the office of Sheriff is a constitutional office. *See* VA. CONST. art. VII, § 4; *see also Hilton v. Amburgey*, 96 S.E.2d 151, 152 (Va. 1957); *Whited v. Fields*, 581 F. Supp. 1444, 1453 (W.D. Va. 1984). The Virginia Supreme Court has held that a constitutional officer is an independent public official whose authority is derived from the Constitution of Virginia even though the duties of the office may be prescribed by statute. *See Carraway v. Hill*, 574 S.E.2d 274, 276 (Va. 2003); *Keathley v. Vitale*, 866 F. Supp. 272, 276 (E.D. Va. 1994).

Additionally, while constitutional officers may perform certain functions in conjunction with units of the county or municipal government, neither the officers nor their offices are agencies of such governmental units. *See Carraway*, 574 S.E.2d at 276. The United States Court of Appeals for the Fourth Circuit has held that municipal liability is not applicable based upon the actions of a sheriff in the administration of a jail or detention center when the municipality does not have final policymaking authority over such facility. *See Grayson v. Peed*, 195 F.3d 692 (4th Cir. 1999); *Strickler v. Waters*, 989 F.2d 1375 (4th Cir. 1993). It is for all of these reasons, I find that Strickland has failed to allege a basis for municipal liability against the City, and I recommend that this claim against the City be dismissed.

Strickland also alleges that the City "knowingly underfunded" the Jail, thereby resulting in the alleged Eighth Amendment constitutional deprivation at issue in this action. However, I find that he fails to state a claim upon which relief can be granted in this regard, as well. In his Amended Complaint, Strickland states that, in support of his allegation of the existence of a custom of not providing inmates in segregation or isolation out-of-cell exercise, there is a written policy that makes out-of-cell exercise contingent upon manpower. (Docket Item No. 46, Att. 1, ("Amended Complaint"), at 2.) He also states in the Amended Complaint that "the City of Danville had knowledge of the deprivations addressed in this complaint by actual[], constructive and that the City knowingly underfunded the City Jail." (Amended Complaint at 5.) I agree with the City that Strickland has offered no connection or nexus between these two allegations. Under *Iqbal* and *Twombly*, such statements simply are inadequate to plausibly give rise to any entitlement to relief. Therefore, I recommend that the court dismiss this claim against the City, as well.

Strickland additionally alleges a Fourteenth Amendment violation in his Amended Complaint by stating as follows: "I want to include a 14th Amendment violation for my pretrial detainee status." However, Strickland has done nothing more than state this naked assertion without providing any circumstances or stating any facts explaining how he alleges that such a violation occurred or by whom he alleges it was executed. For instance, he does not allege that it was the City who violated his Fourteenth Amendment rights. Thus, I find that he has failed to meet the *Iqbal* and *Twombly* requirement for stating a claim upon which relief may be granted, and I recommend that this claim be dismissed against the City.

By separate order, the court will lift the stay on all discovery, and grant in part and deny in part Strickland's Motion to Compel.[2] In particular, the Motion to Compel will be granted insofar as the defendants, other than the City, will be ordered to produce the following documents, dating from November 7, 2010, to April, 29, 2011:

(1) Any known schedules, policies, operating procedures, guidelines, regulations or similar information that addresses out-of-cell exercise for inmates in segregation or isolation (D and K blocks) at the Jail or in the general population;

(2) Any known reports or audits of the Jail, including any for certification, accrediting or evaluating that include any references or information or which address any of the following issues at the Jail:

    a. Out-of-cell exercise or recreation at the Jail including inmates in isolation/segregation (D and K blocks);

    b. Staffing of manpower at the Jail; and

---

[2] Given the recommended disposition as to the City, I find that it is unnecessary to lift the stay on discovery as to it or address it any further.

> c. Complaints filed about out-of-cell exercise or recreation at the Jail (excluding inmate grievances).
>
> (3) Copies of any log books that show out-of-cell exercise for all cells in the D and K blocks for the relevant times of this action;
>
> (4) Any documents or electronically stored information, such as log books or incident reports, that reference Strickland being found in possession of cigarettes and/or being placed in isolation related to the possession of cigarettes or for any other reason during his booking on November 7, 2010; and
>
> (5) Any documents or electronically stored information about any disciplinary charges Strickland received at the Jail.

Lastly, by separate order, the court will grant Strickland's Motion to Amend, add Chief Deputy Salmon as a defendant and add state law claims for gross and ordinary negligence against Sheriff Mondule and Chief Deputy Salmon in their individual and official capacities because these claims arise out of the same "common nucleus of operative fact" as Strickland's § 1983 claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *see also* 28 U.S.C.A. § 1367 (West 2006).

## PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

> 1. Under *Monell*, a government as an entity is liable under § 1983 only when the execution of the government's policy or custom inflicts the injury;

2. The Sheriff, not the City, is the final policymaker for the Jail;

3. To the extent any injuries to Strickland resulted from the policies or customs at the Jail, they were the result of the policies or customs of the Sheriff, not the City;

4. Therefore, Strickland's Amended Complaint fails to state a claim for municipal liability against the City, and the court should dismiss this claim against the City;

5. Strickland fails to allege any facts or circumstances to support any claim against the City based on underfunding of the Jail;

6. Therefore, Strickland's Amended Complaint fails to state a claim based on underfunding by the City, and the court should dismiss this claim against the City;

7. Strickland fails to allege any facts or circumstances to support his claim of a Fourteenth Amendment violation based on his status as a pretrial detainee, and he fails to allege any connection between such claim and the City;

8. Therefore, Strickland's Amended Complaint fails to state a Fourteenth Amendment claim based on his status as a pretrial detainee, and the court should dismiss this claim against the City; and

9. The court should dismiss all of Strickland's claims against the City.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court grant the City's Motion to Dismiss and Amended Motion to Dismiss.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Samuel G. Wilson, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: This 21st day of August, 2013.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE