CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 21 2014

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HAROLD E. STRICKLAND, | Civil Action No. 7:12CV00559 |
| Plaintiff, | |
| | MEMORANDUM OPINION & ORDER |
| v. | |
| MIKE MONDUL, *et al.*, | By: Samuel G. Wilson |
| | United States District Judge |
| Defendants. | |

This case was referred pursuant to 28 U.S.C. § 636(b)(1)(B) to the Honorable Pamela M. Sargent, United States Magistrate Judge. The Magistrate Judge has filed a report recommending that the court grant the City of Danville's Motions to Dismiss. The *pro se* plaintiff, Harold E. Strickland, objects to the report to the extent it would dismiss his case against the City of Danville ("City") with prejudice as opposed to without. Defendants Mike Mondul, Sheriff, Bryant Booth, Richard Callahan, Jarrett Milam, Mike Bray, John Doe(s), Danville City Jail, and Steve Salmon ("defendants") object to portions of the report that address separate orders entered by the Magistrate Judge (Docket Nos. 74 & 75) related to discovery and amendments to the Amended Complaint. Having reviewed the Magistrate Judge's report, the objections, pertinent portions of the record, and the relevant law, the court concludes the Magistrate Judge's report is substantially correct and should be adopted.

I.

Strickland is an inmate formerly housed at the Danville City Jail ("Jail") who filed this lawsuit against, among others, the City of Danville ("City") alleging various violations of his rights stemming from a six-month period of segregation at the Jail. Strickland has filed multiple other lawsuits, including several related to his Crohn's disease and at least four others naming

the City as a defendant.[1] Most of Strickland's previous cases have lacked sufficient factual support, have been dismissed on the defendants' motion, and/or have been voluntarily dismissed by Strickland.[2]

In this case, Strickland claims that despite having a physician's order for exercise due to Crohn's disease, the defendants denied him out-of-cell exercise except on two occasions, which caused his health to deteriorate. Strickland's claims against the City relate to its alleged policymaking for the Jail, underfunding of the Jail in violation of the Eighth Amendment, and a Fourteenth Amendment violation that lacks any factual explanation. The Magistrate Judge has recommended dismissing all of Strickland's claims against the City.

II.

First turning to Strickland's objection, he does not challenge the dismissal of the City generally, only its dismissal with prejudice. A dismissal under Rule 12(b)(6) is with prejudice unless specifically ordered as without, and "[t]hat determination is within the district court's discretion." Carter v. Norfolk Community Hosp. Ass'n, Inc., 761 F.2d 970, 974 (4th Cir. 1985). "Where amendment is futile, courts have exercised their discretion to deny leave to amend and dismiss with prejudice." Morefield v. Bailey, 2013 WL 4010295, at *15 (E.D. Va. Aug. 6, 2013).

---

[1] "[T]he most frequent use of judicial notice is in noticing the content of court records." See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (internal quotations omitted); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties).

[2] See Strickland v. Danville City Jail, No. 7:11cv00088 (W.D. Va. Mar. 14, 2011) (dismissed); Strickland v. Wang, No. 7:11cv00246 (W.D. Va. July 7, 2011) (dismissed); Strickland v. Wang, No. 7:11cv00358 (W.D. Va. March 7, 2013) (dismissed); Strickland v. Militana, No. 7:12cv00005 (W.D. Va. May 9, 2013) (dismissed); Strickland v. Witcher, No. 7:12cv00253 (W.D. Va. June 18, 2012) (voluntarily dismissed); Strickland v. Meadows, No. 7:12cv00254 (W.D. Va. June 18, 2012) (voluntarily dismissed); Strickland v. Wang, No. 7:13cv141 (W.D. Va. Oct. 30, 2013) (dismissed); Strickland v. Va. Dep't of Corr., No. 7:13cv00484 (W.D. Va. Nov. 22, 2013) (dismissed); Strickland v. Commonwealth of Va., No. 7:13cv00485 (W.D. Va. filed Oct. 18, 2013).

As described in the Magistrate Judge's report, all of the claims against the City lack either factual support or an adequate legal basis. Strickland asserts he may be able to factually support one of his three claims against the City – the Eighth Amendment claim – if information becomes available that the City denied the Sheriff's requests for funds. He has not, however, articulated any basis to believe such information would likely become available or even exists at all. In such a situation, dismissing the City without prejudice would provide no finality despite the futility of the claims. Accordingly, the court finds it appropriate to dismiss the City with prejudice as to each of Strickland's claims.

III.

The defendants' objections relate to separate orders on non-dispositive issues entered by the Magistrate Judge related to discovery and amendments to the Amended Complaint. Accordingly, the court will consider those objections under Federal Rule of Civil Procedure 72(a). Under Rule 72(a), a district court must modify or set aside any part of a contested order that is clearly erroneous or is contrary to law. Applying the liberal standards that govern pleading amendments and discovery, and finding no rulings clearly erroneous or contrary to law, the court will overrule the defendants' objections.

As to discovery, the defendants object to providing: (1) schedules, policies, operating procedures, guidelines, regulations, or similar information that addresses out of cell exercise for inmates in the general population and (2) reports or audits for the staffing of manpower at the jail while Strickland was in segregation. Under Federal Rule of Civil Procedure 26(b)(1), the general rule is that parties may obtain discovery regarding any non-privileged matter that is relevant to the claim. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P.

3

26(b)(1). The disputed discovery appears to have potential relevance to Strickland's claims and is reasonably calculated to lead to the discovery of admissible evidence.

Liberal standards also govern amendments to pleadings. Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." The Magistrate Judge allowed Strickland to amend his complaint to add Chief Deputy Salmon as a defendant and add state law claims for gross and ordinary negligence against Sheriff Mondul and Chief Deputy Salmon in their individual and official capacities for failing to provide adequate policies for and/or ensuring out-of-cell exercise. The court finds these amendments arise out of the same set of facts as the previous version of Strickland's complaint, and the Magistrate Judge's ruling allowing them was not clearly erroneous or contrary to law.

IV.

For the foregoing reasons, it is accordingly **ORDERED** and **ADJUDGED** that the Magistrate Judge's Report and Recommendation (Docket No. 76) is **ADOPTED**, the defendants' Objection to Report and Recommendation (Docket No. 77) is **OVERRULED**, the plaintiff's Objections to the Report and Recommendation Filed by the Honorable Magistrate Judge Sargent (Docket No. 79) are **OVERRULED**, and the City of Danville's Motion to Dismiss (Docket No. 33) and Amended Motion to Dismiss (Docket No. 63) are **GRANTED**. Further, the City of Danville is **DISMISSED with prejudice.**

The Clerk is directed to send copies of this order to all counsel of record and unrepresented parties.

**ENTER:** This February 21, 2014.

UNITED STATES DISTRICT JUDGE