# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **HAROLD E. STRICKLAND,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:12CV00559 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **MIKE MONDULE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

The parties have each timely objected to the Report and Recommendation of the Honorable Pamela Meade Sargent, United States Magistrate Judge, filed on June 23, 2014. Upon de novo review by this court of the portions of the Report and Recommendation that have been objected to and the transcript of the bench trial the magistrate judge conducted in this matter, it is **ORDERED** as follows:

1. The Report and Recommendation (ECF No. 189) is hereby ACCEPTED (a) as to its findings and conclusions that Plaintiff failed to produce medical evidence that his lack of out-of-cell exercise caused the exacerbation of his digestive disorders, as required to succeed on his claims under 42 U.S.C. § 1983 and on his state law negligence and gross negligence claims; and (b) as to its recommended disposition that judgment be entered for Defendants;

2. Plaintiff's Objections (ECF No. 194) are OVERRULED, because I have determined that the Report's conclusion and recommended disposition are correct even in light of the factual discrepancies and legal arguments Plaintiff asserts in his objections;[1]

3. Defendants' Objections (ECF No. 192) are OVERRULED, because the findings and conclusions to which they object have no bearing on my conclusion that the Plaintiff failed to present evidence to establish a required element of his claims;

4. Defendants' Motion for Summary Judgment (ECF No. 119) under 42 U.S.C. § 1997e(a), regarding the Plaintiff's failure to exhaust administrative remedies before bringing this action as required under 42 U.S.C. § 1997e(a), is DENIED as moot and without prejudice, based on my determination that Defendants are entitled to judgment on the merits; and

---

[1] Plaintiff asserts that his inability to present medical evidence arose from the magistrate judge's refusal to require these defendants, who are not medical providers, to produce for Plaintiff copies of his medical records and her refusal to grant his request for appointment of a medical expert to evaluate his condition and testify on his behalf. I affirm these rulings by the magistrate judge. Fed. R. Civ. P. 72(a). Plaintiff's in forma pauperis status under 28 U.S.C. § 1915(b) allows him to proceed without prepayment of the filing fee, to have the court accomplish service of process on the Defendants, and to have the transcript prepared at government expense for the court's use to resolve his claims. *See* 28 U.S.C. § 1915(b), (c) & (d). These services have been provided. The statute, however, does not authorize the court to order, at government expense, the development of an indigent litigant's evidence, by appointment of a medical expert or any other means.

5. A separate Judgment will be entered forthwith, concluding this case.

ENTER: September 8, 2014

/s/  James P. Jones
United States District Judge